**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

KEVIN ROHALMIN,                                    Case No.  16-25652-AJC

     Debtor.                                        Chapter 7

_____/

DREW M. DILLWORTH, Trustee,                         Adv. Pro. No.

     Plaintiff,

v.

NYA ROHALMIN, NEDA FANACIAN,
TED BRITT FORD SALES, INC.,
FARRISH OF FAIRFAX, INC., AUTO
GIANTS, INC., BILL PAGE MOTORS,
INC., d.b.a. Bill Page Toyota, BILL PAGE
IMPORTS, INC., d.b.a. Bill Page Honda,
PAGE CHEVROLET, INC., d.b.a. Bill Page
Chevrolet, SHEEHY RICHMOND, INC.,
d.b.a. Sheehy Ford of Richmond, SHEEHY
WALDORF, INC. d.b.a. Sheehy Nissan of
WALDORF, SHEEHY FORD, INC., d.b.a.
Sheehy Ford of Marlow Heights, SHEEHY
CHANTILLY, INC., d.b.a. Sheehy Infiniti
of Chantilly, SHEEHY ASHLAND, INC.,
FAIR OAKS MOTORS, INC., d.b.a. Fair
Oaks Jeep Dodge Chrysler Ram,
JENNINGS MOTOR COMPANY, INC.,
d.b.a. Priority Springfield Toyota, RCD
SUNSET, INC., d.b.a. Patriot Harley
Davidson, PAGE ASSOCIATES, INC.,
d.b.a. West Broad Honda, MIKEY, LLC.,
d.b.a. Wes Greenway's Waldorf VW, JJM3
HOLDINGS, LLC., d.b.a. Moore Cadillac
of Chantilly, LLC, LINDSAY FORD, LLC.,
d.b.a. Lindsay Ford of Wheaton, LINDSAY
AUTOMOTIVE OF MANASSAS, LLC.,
d.b.a. Lindsay Chrysler Dodge Jeep Ram,

     Defendants.

_____/

## ADVERSARY COMPLAINT

Plaintiff, Drew M. Dillworth, duly appointed and authorized Chapter 7 Trustee ("Trustee") for the Chapter 7 bankruptcy of Kevin Rohalmin ("Debtor"), sues Defendants NYA ROHALMIN, NEDA FANACIAN, TED BRITT FORD SALES, INC., FARRISH OF FAIRFAX, INC., AUTO GIANTS, INC., BILL PAGE MOTORS, INC., d.b.a. Bill Page Toyota, BILL PAGE IMPORTS, INC., d.b.a. Bill Page Honda, PAGE CHEVROLET, INC., d.b.a. Bill Page Chevrolet, SHEEHY RICHMOND, INC., d.b.a. Sheehy Ford of Richmond, SHEEHY WALDORF, INC. d.b.a. Sheehy Nissan of WALDORF, SHEEHY FORD, INC., d.b.a. Sheehy Ford of Marlow Heights, SHEEHY CHANTILLY, INC., d.b.a. Sheehy Infiniti of Chantilly, SHEEHY ASHLAND, INC., FAIR OAKS MOTORS, INC., d.b.a. Fair Oaks Jeep Dodge Chrysler Ram, JENNINGS MOTOR COMPANY, INC., d.b.a. Priority Springfield Toyota, RCD SUNSET, INC., d.b.a. Patriot Harley Davidson, PAGE ASSOCIATES, INC., d.b.a. West Broad Honda, MIKEY, LLC., d.b.a. Wes Greenway's Waldorf VW, JJM3 HOLDINGS, LLC., d.b.a. Moore Cadillac of Chantilly, LLC, LINDSAY FORD, LLC., d.b.a. Lindsay Ford of Wheaton, and LINDSAY AUTOMOTIVE OF MANASSAS, LLC., d.b.a. Lindsay Chrysler Dodge Jeep Ram, and states as follows:

## I.      NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

### A.      Nature of Action

1.      This adversary proceeding is brought by Trustee[1] against Defendants for their role in the Debtor's scheme to hinder, delay and defraud his creditors through the divestment of his business and unencumbered assets to his family members. Specifically, Trustee seeks: (i) entry of declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001(2) that Newco2 is property of Debtor's bankruptcy estate; (ii) turnover of Newco2 from Neda and Nya;

---

[1] All other capitalized terms not defined in this paragraph shall have the meanings ascribed to them below.

(iii) entry of judgment against Defendants for civil conspiracy; and (iii) entry of judgment against Defendants for aiding and abetting breach of fiduciary duties. Trustee also seeks avoidance and recovery of the fraudulent transfers (or the value thereof) (a) to Newco of the Oldco Transfer, (b) to Newco2 of Newco Transfer, and (c) to Neda of the Condo Transfer pursuant to section 544, 548 and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., ("Bankruptcy Code") and Florida law.

      **B.**    **Parties**

2.      Plaintiff, Trustee, is the duly authorized and acting Chapter 7 Trustee of the bankruptcy estate of Kevin Rohalmin created pursuant to Bankruptcy Code § 541.

3.      Defendant Nya Rohalmin ("Nya") is Kevin Rohalmin's brother, who resides in Fredericksburg, Virginia.

4.      Defendant Neda Fanacian ("Neda") is Kevin Rohalmin's sister, who resides in Fredericksburg, Virginia.

5.      Defendant Ted Britt Ford Sales, Inc. ("Ted Britt Ford") is the owner and operator of an auto dealership located at 11165 Fairfax Blvd, Fairfax, VA 22030. Ted Britt Ford's registered agent for service is Timothy B. Hyland, 1818 Library Street, Suite 500, Reston, VA 20190.

6.      Defendant Farrish of Fairfax, Inc. ("Farrish") is the owner and operator of the auto dealerships located at 9610 Fairfax Blvd Fairfax, VA 22031. Farrish's registered agent for service is G. Donald Markle, 4010 University Drive, Suite 200, Fairfax, VA 22030.

7.      Defendant Auto Giants, Inc. ("Auto Giants") is the owner and operator of the auto dealership located at 9075 Euclid Ave, Manassas, VA 20110. Auto Giant's registered agent for service is Mark R. Dycio, 10533 Main Street, Fairfax, VA 22030.

8.      Defendant Bill Page Motors, Inc., d.b.a. Bill Page Toyota ("Page Motors") is the owner and operator of the auto dealership located at 2923 Annandale Road, Falls Church, VA 22042.  Page Motors' registered agent for service is Walter Raymond Page, 2923 Annandale Road, Falls Church, VA 22042.

9.      Defendant Bill Page Imports, Inc., d.b.a. Bill Page Honda ("Page Imports") is the owner and operator of the auto dealership located at 6715 Arlington Blvd, Falls Church, VA 22042.  Page Imports' registered agent for service is Brian R. Kanyan, 6715 Arlington Blvd., Falls Church, VA 22042.

10.      Defendant Page Chevrolet, Inc., d.b.a. Bill Page Chevrolet ("Page Chevrolet") is the owner and operator of the auto dealership located at 6500 Little River Turnpike Alexandria VA 22312. Page Chevrolet's registered agent for service is Walter Raymond Page, 2923 Annandale Road, Falls Church, VA 22042.

11.      Defendant Sheehy Richmond, Inc., d.b.a. Sheehy Ford of Richmond ("Sheehy Richmond") is the owner and operator of the auto dealership located at 10601 Midlothian Turnpike Richmond, VA 23235. Sheehy Richmond's registered agent for service is Donald G. Markle, 4010 University Drive, Suite 200, Fairfax, VA 22030.

12.      Defendant Sheehy Waldorf, Inc. d.b.a. Sheehy Nissan of Waldorf (Sheehy Waldorf) and Sheehy Waldorf II, Inc., d.b.a. Sheehy Nissan of Waldorf ("Sheehy Waldorf II") are the owners and operators of the auto dealership located at 2950 Crain Highway, Waldorf, MD 20601.  Sheehy Waldorf and Sheehy Waldorf II's registered agent for service is Donald G. Markle, 4010 University Drive, Suite 200, Fairfax, VA 22030.

13.      Defendant Sheehy Ford, Inc., d.b.a. Sheehy Ford of Marlow Heights ("Sheehy Ford") is the owner and operator of the auto dealership located at 5000 Auth Road Marlow

Heights, MD 20746. Sheehy Ford's registered agent for service is Business Filings Internation Incorporation, 2405 York Road, Suite 201, Lutherville Timonium, MD 21093.

14.    Defendant Sheehy Chantilly, Inc., d.b.a. Sheehy Infiniti of Chantilly ("Sheehy Chantilly") is the owner and operator of the auto dealership located at 4145 Auto Park Circle Chantilly VA 20151. Sheehy Chantilly's registered agent for service is Donald G. Markle, 4010 University Drive, Suite 200, Fairfax, VA 22030.

15.    Defendant Sheehy Ashland, Inc. ("Sheehy Ashland") is the owner and operator of the auto dealership located at 11450 Washington Highway Ashland, VA 23005. Sheehy Ashland's registered agent for service is Donald G. Markle, 4010 University Drive, Suite 200, Fairfax, VA 22030.

16.    Defendant Fair Oaks Motors, Inc., d.b.a. Fair Oaks Jeep Dodge Chrysler Ram ("Fair Oaks Motors") is the owner and operator of the auto dealership located at 4170 Auto Park Circle Chantilly, VA 20151. Fair Oaks Motors' registered agent for service is Lawrence H. Pateros, 4170 Auto Park Circle, Chantilly, VA 20151.

17.    Defendant Jennings Motor Company, Inc., d.b.a. Priority Springfield Toyota ("Jennings") is the owner and operator of the auto dealership located at 7601 Loisdale Rd., Springfield, VA 22150. Jennings' registered agent for service is Stacy Cummings, 1800 Greenbrier Parkway, Chesapeake, VA 23320.

18.    Defendant RCD Sunset, Inc., d.b.a. Patriot Harley Davidson ("RCD") is the owner and operator of the auto dealerships located at 9739 Fairfax Boulevard Fairfax, VA. RCD's registered agent for service is Robert C. De Haven, 9739 Lee Hwy, Fairfax, VA 22031.

19.    Defendant Page Associates, Inc., d.b.a. West Broad Honda ("Page Associates") is the owner and operator of the auto dealerships located at 7014 W. Broad St. Richmond, VA

23294. Page Associate's registered agent for service is C. Michael DeCamps 1111 E. Main Street, Suite 2400, Richmond, VA 23218.

20.     Defendant Mikey, LLC., d.b.a. Wes Greenway's Waldorf VW ("Greenway VW") is the owner and operator of the auto dealerships located at 2282 Crain Hwy, Waldorf: MD 20601. Page Associate's registered agent for service is Joel S. Aronson, 6411 Ivy Lane, Suite 405, Greenbelt, MD, 20770.

21.     Defendant JJM3 Holdings, LLC., d.b.a. Moore Cadillac of Chantilly, LLC ("Moore Cadillac") is the owner and operator of the auto dealerships located at 25450 Pleasant Valley Road, Chantilly, VA 22152. Moore Cadillac's registered agent for service is Jacques J. Moore, III, 25440 Pleasant Valley Road, Chantilly, VA 22152.

22.     Defendant Lindsay Ford, LLC., d.b.a. Lindsay Ford of Wheaton ("Lindsay of Wheaton") is the owner and operator of the auto dealerships located at 11250 Veirs Mill Road Wheaton, MD 20902. Lindsay of Wheaton's registered agent for service is Christopher F. Lindsay, 11250 Veirs Mill Road, Wheaton, MD 20902.

23.     Defendant Lindsay Motors, LLC., d.b.a. Lindsay Lexus of Alexandria ("Lindsay Motors") is the owner and operator of the auto dealerships located at 3410 King Street, Alexandria VA 22302. Lindsay Motors' registered agent for service is David A. Hirsch, 11860 Sunrise Valley Drive, Suite 100, Reston, VA 20191.

24.     Defendant Lindsay Automotive of Manassas, LLC., d.b.a. Lindsay Chrysler Dodge Jeep Ram ("Lindsay Automotive") is the owner and operator of the auto dealerships located at 8100 Centreville Road, Manassas, VA 20111. Lindsay Automotive's registered agent for service is 8180 Grensboro Drive, Suite 1000, McLean, VA 22102.

**C.     Jurisdiction and Venue**

25. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b).

26. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (E,), (H), and (O).

27. All conditions precedent to the filing of this action have been performed, have occurred, have been waived or have otherwise been excused.

28. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     PROCEDURAL BACKGROUND

### A.     Individual Case

29. Kevin Rohalmin ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 22, 2016 ("Petition Date") in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") initiating the bankruptcy case styled *In re Kevin Rohalmin*, Case No. 16-25652-AJC ("Individual Case").

30. On February 28, 2017, Debtor voluntarily converted this case to one under chapter 7 of the Bankruptcy Code.

31. Thereafter, the Bankruptcy Court approved the appointment of Drew M. Dillworth as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

### B.     Oldco Judgment and Bankruptcy Case

32. Prior to the Petition Date, Debtor owned and operated an auto-detailing business in Virginia and Maryland under the corporate name Presidential Detailing, LLC ("Oldco").

33. Oldco had formal and informal agreements with the auto dealers named as defendants herein (collectively, the "Defendant Dealerships") to provide on premises auto-detailing services to the dealer.

34.     On or about February 1, 2016, a judgment was entered in favor of thirteen (13) former employees of Oldco against Debtor, individually, and Oldco, in the amount of $187,419.84 ("Judgment") for unpaid overtime and liquidated damages under the Fair Labor Standards Act of 1938.

35.     As a result of the Judgment, Debtor caused Oldco to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the case styled *In re Presidential Detailing, LLC*, Case No. 16-10447 ("Oldco Case") in the United States Bankruptcy Court for the Eastern District of Virginia.

36.     Debtor later converted the Oldco Case to one under chapter 7 of the Bankruptcy Code.

37.     The Oldco Case was closed without distribution on August 25, 2016.

## III.    GENERAL BACKGROUND

38.     In the affidavit sworn to by Kevin Rohalmin on February 12, 2018 ("Affidavit") in his Individual Case, Debtor described the Defendants' unlawful scheme to hinder, delay, and defraud Debtor's creditors. A true and correct copy of the Affidavit is attached as Exhibit A.

### A.    The Oldco Transfer

39.     Specifically, Debtor admitted that after filing the Oldco Case, but prior to converting the Oldco Case to one under Chapter 7, Debtor transferred all the assets and equity from Oldco to a new entity, Perfect Auto Detail, Inc.("Newco"). Affidavit, ¶¶ 7-8.

40.     The transfer ("Oldco Transfer") included the contracts and relationships with the Defendant Dealerships and all the employees of Oldco. *Id*.

41.     Throughout Newco's operation, Debtor continued to be the sole owner and operator of Newco. *Id*.

42.    Debtor specifically admitted that Newco operated the same business as Oldco, with the "same employees, worked from the same offices, and managed the same customer accounts as Oldco," but now under the name of Newco. *Id*.

43.    Debtor further admitted that he "formed Newco to conduct the same business as Oldco, but without the obligations of Oldco, such as the Judgment, and to keep the value of the business from the Oldco Case trustee." Affidavit, ¶ 8.

**B.    The Newco Transfer**

44.    This scheme to hinder, delay, and defraud Debtor's creditors continued with the formation of Newco2.

45.    Debtor admitted that after he converted the Oldco Case to one under Chapter 7 of the Bankruptcy Code, but prior to filing his Individual Case, he again transferred ("Newco Transfer") the assets and affairs of the enterprise to a second new entity, N2 Auto Detailing, LLC ("Newco2"). Affidavit, ¶ 9.

46.    Newco2 consisted of the same employees, worked from the same offices, and managed the same customer accounts as Oldco and Newco.  Id.

47.    The only difference between Newco2 and Oldco and Newco was that Debtor did not own the equity in Newco2. Id.

48.    Instead, the equity was owned by Debtor's sister, Neda, and Debtor's brother, Nya. Id.

49.    Despite the new equity members, Debtor continued to operate the enterprise under Newco2's name, but instead of calling himself the owner/manager/president, Debtor was a consultant for the business. Id.

50.    In reality, Debtor still controlled the business. Id.

51.    Debtor formed Newco2 in the names of Neda and Nya to keep the enterprise from Debtor's creditors and the equity of the enterprise from my Individual Case. Id.

52.    Debtor's creditors have been damaged as a result of these acts as they remain unpaid from the revenue generated by the business. Id.

### C.    Neda and Nya Substantial Assistance Participation and Benefit

53.    Neda and Nya were aware of these facts and agreed to be the owners of Newco2. Id.

54.    Neda and Nya provided Debtor substantial assistance, and received financial rewards for their participation in Newco2.  Id.

### D.    Defendants Dealerships Substantial Assistance, Participation, and Benefit

55.    In his affidavit, Debtor also described the knowing participation and substantial assistance provided by the Defendant Dealerships in the unlawful scheme to keep the assets and value of the business out of the reach of the Debtor's creditors and the Trustee. Affidavit, ¶ 10.

56.    Specifically, Debtor and Oldco had formal and informal agreements with the Defendant Dealerships. Affidavit, ¶ 4.

57.    The Defendant Dealerships were aware of the change in ownership from Oldco to Newco to Newco2, and provided Debtor substantial assistance in concealing assets and avoiding his creditors by allowing him to continue to service the Defendant Dealerships under the new corporate names. Affidavit, ¶ 10.

58.    The Defendant Dealerships provided substantial assistance by allowing Debtor to continue to service the Defendant Dealerships under the new corporate names so he could continue to receive the income stream from the business under the new corporate names.

59.     Debtor admitted that "the exclusive purpose of the auto detailing business [was] to circumvent employment and tax liability for the [Defendant Dealerships]." Affidavit, ¶ 10.

60.     Because "[i]n economic reality, the [Defendant Dealerships] were employers as they had full operational and financial control over the auto detailing workplace." Affidavit, ¶ 10.

61.     The Defendant Dealerships benefitted from participating in the scheme to hinder, delay, and defraud Debtor's creditors because by doing so the Defendant Dealerships ensured that Debtor and his entities could continue to operate the same auto-detail car wash businesses on the premises of the Defendant Dealerships.  Affidavit, ¶ 11.

62.     The participation of the Defendant Dealerships in the scheme to hinder, delay, and defraud Debtor's creditors was essential to the business and profits of the Defendant Dealerships because the continuation of these businesses allowed the Defendant Dealerships to maintain the "corporate fiction" that the Defendant Dealerships were not the employers of the car wash employees when in fact the Defendant Dealerships were joint employers under the FLSA because the Defendant Dealerships exercised full operational and financial control over the workplace of the employees in connection with auto-detail car wash businesses. Affidavit, ¶ 10.

63.     Thus, by participating in and providing "substantial assistance" to Debtor, the Defendant Dealerships ensured that the "exclusive purpose" of the Debtor's entities "to circumvent employment and tax liability for the [Defendant Dealerships]" could continue, while the Debtor could avoid the Judgment against him. Affidavit, ¶ 10.

**E.      Condo Transfer**

64.     Prior to filing his Individual Case, Neda knowingly and willfully provided "substantial assistance" to carry out the scheme to hinder, delay, and defraud Debtor's creditors

by agreeing to accept one-half of Debtor's interest in his real property located in Falls Church, Virginia listed in Schedule A in the Individual Case for no consideration ("Condo Transfer"). Affidavit, ¶ 11.

## COUNT I
### DECLARATORY JUDGMENT PURSUANT TO 22 U.S.C. § 2201
*(Declaration that Newco2 is Property of the Estate)*

65.    Trustee sues Defendants seeking a declaratory judgment under the DJA, determining that Newco2 is property of Debtor's bankruptcy estate pursuant to Bankruptcy Code § 541.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count I as if fully restated herein.

66.    Trustee claims Newco2 is property of Debtor's bankruptcy estate.

67.    A present controversy exists between Trustee and Defendants as to the ownership of Newco2.

68.    A declaration is necessary to determine Trustee's rights to and interests in Newco2.

69.    Newco2 is a valuable asset Trustee can liquidate for the benefit of creditors as a part of the administration of the bankruptcy estate of Debtor.

70.    Trustee seeks a determination that Newco2 is property of Debtor's bankruptcy estate under Bankruptcy Code § 541.

**WHEREFORE**, Trustee respectfully requests this Court to enter declaratory judgment under the DJA in favor of Trustee and against Defendants:

A.    Determining that Newco2 is property of Debtor's bankruptcy estate pursuant to Bankruptcy Code § 541 and that Defendants hold no interests in or rights to Newco2;

B.      Awarding Trustee attorneys' fees and/or costs to the extent permitted under applicable law; and

C.      Granting any other and further relief that is just and proper.

## COUNT II
## TURNOVER PURSUANT TO 11 U.S.C. § 542
### *(Turnover of Newco2)*

71.     Trustee sues Defendants seeking turnover pursuant to section 542 of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count II as if fully restated herein.

72.     Newco2 constitutes property of the estate to be recovered and administered by Trustee pursuant to section 541 of the Bankruptcy Code.

73.     As a result of the foregoing, pursuant to section 542 of the Bankruptcy Code, Trustee is entitled to the immediate turnover of Newco2, or the value of Newco2, from the Defendants to Trustee.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against the Defendants as follows:

A.      Declaring that Newco2, or the value of Newco2, be immediately delivered and turned over to Trustee by the Defendants;

B.      Granting money damages in the amount of Newco2, plus interest at the applicable federal statutory rate, and reasonable attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee; and

C.      Granting such other and further relief as may be just and proper.

## COUNT III
## CIVIL CONSPIRACY TO COMMIT FRAUD

74.    Trustee sues Defendants for civil conspiracy to commit fraud.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count III as if fully restated herein.

75.    The Defendants were informed of and were aware of the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

76.    The Defendants agreed to participate in the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

77.    The Defendants facilitated and effectuated the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

78.    The Defendants committed numerous overt acts in furtherance of their conspiracy.

79.    Rather than preventing or reporting the unlawful activities described herein, the Defendants conspired with and encouraged others to engage in the same or similar activities, thus broadening the web of the wrongful activities engaged in by the Defendants.

80.    The Defendants, as co-conspirators, may be liable for their co-conspirators overt acts in furtherance of the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

81.    As such, the Defendants are jointly and severally liable for each act done in furtherance of the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

82.    Defendants continue to take overt acts in furtherance of the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

83.    To date, the Defendants have not withdrawn from the unlawful scheme to hinder, delay, and defraud the Debtor's creditors.

84.     The Debtor's estate has been harmed and continues to be harmed by the actions of the Defendants in furtherance of the conspiracy to hinder, delay, and defraud the Debtor's creditors as the estate has been burdened with claims that could and should have been satisfied by the operating income of Oldco, Newco, and Newco2, but for the transfer of the business enterprise to Newco, and ultimately, Newco2.

85.     The actions of the Defendants were intentional, wanton, and malicious, thereby entitled Trustee to punitive damages.

**WHEREFORE**, Trustee respectfully requests this Court to enter judgment in favor of Trustee and against Defendants:

A.     In an amount to be determined at trial;

B.     Awarding Trustee attorneys' fees and/or costs to the extent permitted under applicable law; and

C.     Granting any other and further relief that is just and proper.

## COUNT IV
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY)

86.     Trustee sues Defendants for aiding and abetting breach of fiduciary duty.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count IV as if fully restated herein.

87.     Debtor, as owner and control person of Oldco, owed fiduciary duties of honesty, loyalty and care to Oldco's creditors.

88.     Defendants actively assisted and provided substantial assistance to Debtor in his financial exploitation of Oldco.

89.     Each Defendant had actual or constructive knowledge of the breaches of each other Defendant and offered substantial assistance or encouragement of the wrongdoing.

90. As a result of the Defendants' wrongful acts, the Debtor's estate has suffered economic damages.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against the Defendants as follows:

A. In an amount to be determined at trial;

B. Awarding Trustee attorneys' fees and/or costs to the extent permitted under applicable law; and

C. Granting such other and further relief as may be just and proper.

### COUNT V
### AVOIDANCE OF FRAUDULENT
### TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(A)
### *(Newco Transfer against Neda and Nya)*

91. Trustee sues Neda and Nya seeking to avoid the Newco Transfer pursuant to sections 544 and 548(a)(1)(A) of the Bankruptcy Code. The allegations set forth in paragraphs 1 through 64 are incorporated into Count V as if fully restated herein.

92. Debtor transferred the business enterprise of Oldco and Newco to Neda and Nya within the two year period prior to the Petition Date.

93. The Newco Transfer was a voluntary or involuntary transfer of an interest of the Debtor in property.

94. The Newco Transfer to Neda and Nya with the actual intent to hinder, delay or defraud an entity or individual to which or whom the Debtor was or became, on or after the date that such Newco Transfer was made, indebted.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.      Declaring the Newco Transfer to be a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

B.      Avoiding the Newco Transfer as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

C.      Awarding to Trustee, for the benefit of Debtor's bankruptcy estate, pre-and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

**COUNT VI**
**AVOIDANCE OF FRAUDULENT**
**TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(B)**
*(Newco Transfer against Neda and Nya)*

95.      Trustee sues Neda and Nya seeking to avoid the transfer of the business enterprise of Oldco pursuant to sections 544 and 548(a)(1)(B) of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count VI as if fully restated herein.

96.      Debtor transferred the business enterprise of Oldco and Newco to Neda and Nya within the two year period prior to the Petition Date.

97.      The Newco Transfer was a voluntary or involuntary transfer of an interest of Debtor in property.

98.      Debtor received less than reasonably equivalent value in exchange for the Newco Transfer, and;

a.      Debtor was insolvent on the date that the transfer was made, or was rendered insolvent as a result of the transfer;

b.      Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or

c.      Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.      Declaring the Newco Transfer to be a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(B);

B.      Avoiding the Newco Transfer as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(B);

C.      Awarding to Trustee, for the benefit of Debtor's bankruptcy estate, pre-and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

### COUNT VII
### AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO
### BANKRUPTCY CODE §544(b)(1) AND FLA. STAT. §§726.105(1)(A) AND 726.108(1)(A)
*(Newco Transfer against Neda and Nya)*

99.      Trustee sues Neda and Nya seeking to avoid the Newco Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(A) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count VII as if fully restated herein.

100.      Debtor made the transfer of the business enterprise of Oldco and Newco to Neda and Nya within the four year period prior to the Petition Date.

101.      The Newco Transfer was made with the actual intent to hinder, delay or defraud a creditor of Debtor.

102.      Debtor had at least one actual creditor as of the time of the Newco Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by

whom the Newco Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

103.    The Newco Transfer is avoidable pursuant to Bankruptcy Code § 544 and Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.    Declaring the Newco Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.105(1)(a);

B.    Avoiding the Newco Transfer as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a);

C.    Awarding to Trustee, for the benefit of Debtor's bankruptcy estate pre-and post-judgment interest and costs; and

D.    Granting such other and further relief as may be equitable and just.

**COUNT VIII**
**AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO**
**BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.105(1)(B) AND 726.108(1)(A)**
*(Newco Transfer against Neda and Nya)*

104.    Trustee sues Neda and Nya seeking to avoid the Newco Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(B) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count VIII as if fully restated herein.

105.    Debtor transferred the business enterprise of Oldco and Newco to Neda and Nya within the four year period prior to the Petition Date.

106.    Debtor received less than reasonably equivalent value in exchange for the Newco Transfer; and

a.       Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to its business or transaction; or

b.       Debtor intended to incur, or believed it would incur, debts that would be beyond Debtor's ability to pay as they became due.

107.     Debtor had at least one actual creditor as of the time of the Newco Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Newco Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

108.     The Newco Transfer is avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.       Declaring the Newco Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.105(1)(b);

B.       Avoiding the Newco Transfer as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a);

C.       Awarding to Trustee, for the benefit of Debtor's bankruptcy estate pre-and post-judgment interest and costs; and

D.       Granting such other and further relief as may be equitable and just.

## COUNT IX
### AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO
### BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.106(1) AND 726.108(1)(A)
### *(Newco Transfer against Neda and Nya)*

109.    Trustee sues Neda and Nya seeking to avoid the Newco Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.106(1) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count IX as if fully restated herein.

110.    Debtor made the transfer of the business enterprise of Oldco and Newco to Neda and Nya within the four year period prior to the Petition Date.

111.    Debtor made the Newco Transfer without receiving reasonably equivalent value in exchange.

112.    Debtor was insolvent at the time of the Newco Transfer or became insolvent as a result of the Newco Transfer.

113.    Debtor had at least one actual creditor as of the time of the Newco Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Newco Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

114.    The Newco Transfer is avoidable under Bankruptcy Code § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.    Declaring the Newco Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.106(1);

B.      Avoiding the Newco Transfer as a fraudulent transfer pursuant to Bankruptcy Fla. Stat. § 726.106(1) and 726.108(1)(a);

C.      Requiring the payment of the value of the Newco Transfer to Trustee, plus pre- and post judgment interest and costs; and

D.      Granting such other and further relief as may be just and proper.

**COUNT X**
**RECOVERY OF THE TRANSFER PURSUANT TO BANKRUPTCY CODE § 550**
*(Newco Transfer against Neda and Nya)*

115.    Trustee sues Neda and Nya seeking to recover the Newco Transfer pursuant to section 550 of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count X as if fully restated herein.

116.    The Newco Transfer is avoidable pursuant to Bankruptcy Code §§ 544 and 548, and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and § 726.108(1)(a).

117.    Neda and Nya was either the initial transferee or entity for whose benefit the Newco Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, an immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2).

118.    To the extent that Neda and Nya was or is found to be an immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2), Neda and Nya was not a transferee who took for value, in good faith, without knowledge of the voidability of the transfer, within the meaning of Bankruptcy Code § 550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of Bankruptcy Code § 550(b)(2).

119.    The Newco Transfer, or the value of the Newco Transfer, is recoverable by Trustee, for the benefit of Debtor's bankruptcy estate, from Neda and Nya pursuant to Bankruptcy Code § 550.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya as follows:

A.      Declaring Neda and Nya to be either an initial transferee or entity for whose benefit the Newco Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, an immediate or mediate transferee of the transfer within the meaning of Bankruptcy Code § 550(a)(2);

B.      Directing Neda and Nya to turn over to Trustee, for the benefit of Debtor's bankruptcy estate, the Newco Transfer or the value of the Newco Transfer, or awarding Trustee , for the benefit of Debtor's bankruptcy estate, money damages against Neda and Nya in the amount of the Newco Transfer, plus pre-and post-judgment interest and costs; and

C.      Granting such other and further relief as may be equitable and just.

## COUNT XI
## UNJUST ENRICHMENT
### (Newco Transfer against Neda and Nya)

120.    Trustee sues Neda and Nya seeking to recover the Newco Transfer.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XI as if fully restated herein.

121.    Debtor made the Newco Transfer to Neda and Nya.

122.    Neda and Nya accepted and retained the Newco Transfer from the Debtor.

123.    The creditors of the Debtor were harmed by the Newco Transfer.

124.    Neda and Nya has been unjustly enriched by Newco Transfer because:

a.      Debtor has conferred a benefit on the Neda and Nya, who has knowledge thereof;

b.      Neda and Nya voluntarily accepted and retained the benefit conferred; and

c.      The circumstances render Neda and Nya's retention of the benefit inequitable unless Neda and Nya pays to the Trustee the value of the benefit.

WHEREFORE, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda and Nya:

**A.**      Declaring that Neda and Nya has been unjustly enriched by the Newco Transfer;

**B.**      Granting money damages in the amount of the Newco Transfer, plus interest at the applicable federal statutory rate, and reasonable attorneys' fees and expenses, to the extent possible by applicable law, to Trustee; and

**C.**      Granting such other and further relief as may be just and proper.

### COUNT XII
### AVOIDANCE OF FRAUDULENT
### TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(A)
### *(Condo Transfer against Neda)*

125.      Trustee sues Neda seeking to avoid the Condo Transfer pursuant to sections 544 and 548(a)(1)(A) of the Bankruptcy Code. The allegations set forth in paragraphs 1 through 64 are incorporated into Count XII as if fully restated herein.

126.      Debtor transferred the Condo Transfer to Neda within the two year period prior to the Petition Date.

127.      The Condo Transfer was a voluntary or involuntary transfer of an interest of the Debtor in property.

128.      The Condo Transfer to Neda with the actual intent to hinder, delay or defraud an entity or individual to which or whom the Debtor was or became, on or after the date that such Condo Transfer was made, indebted.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.      Declaring the Condo Transfer to be a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

B.      Avoiding the Condo Transfer as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(A);

C.      Awarding to Trustee, for the benefit of Debtor's bankruptcy estate, pre-and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

**COUNT XIII**
**<u>AVOIDANCE OF FRAUDULENT</u>**
**<u>TRANSFER PURSUANT TO BANKRUPTCY CODE § 548(a)(1)(B)</u>**
***(Condo Transfer against Neda )***

129.    Trustee sues Neda seeking to avoid the Condo Transfer pursuant to sections 544 and 548(a)(1)(B) of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XIII as if fully restated herein.

130.    Debtor transferred the Condo Transfer to Neda within the two year period prior to the Petition Date.

131.    The Condo Transfer was a voluntary or involuntary transfer of an interest of Debtor in property.

132.    Debtor received less than reasonably equivalent value in exchange for the Condo Transfer, and;

a.      Debtor was insolvent on the date that the transfer was made, or was rendered insolvent as a result of the transfer;

b.      Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or

c.      Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.      Declaring the Condo Transfer to be a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(B);

B.      Avoiding the Condo Transfer as a fraudulent transfer pursuant to Bankruptcy Code § 548(a)(1)(B);

C.      Awarding to Trustee, for the benefit of Debtor's bankruptcy estate, pre-and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

**COUNT XIV**
**AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO**
**BANKRUPTCY CODE §544(b)(1) AND FLA. STAT. §§726.105(1)(A) AND 726.108(1)(A)**
***(Condo Transfer against Neda)***

133.    Trustee sues Neda seeking to avoid the Condo Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(A) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XIV as if fully restated herein.

134.    Debtor made the Condo Transfer to Neda within the four year period prior to the Petition Date.

135.    The Condo Transfer was made with the actual intent to hinder, delay or defraud a creditor of Debtor.

136.    Debtor had at least one actual creditor as of the time of the Condo Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by

whom the Condo Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

137.    The Condo Transfer is avoidable pursuant to Bankruptcy Code § 544 and Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.    Declaring the Condo Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.105(1)(a);

B.    Avoiding the Condo Transfer as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108(1)(a);

C.    Awarding to Trustee, for the benefit of Debtor's bankruptcy estate pre-and post-judgment interest and costs; and

D.    Granting such other and further relief as may be equitable and just.

**COUNT XV**
**AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO**
**BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.105(1)(B) AND 726.108(1)(A)**
*(Condo Transfer against Neda)*

138.    Trustee sues Neda seeking to avoid the Condo Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.105(1)(B) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XV as if fully restated herein.

139.    Debtor transferred the Condo Transfer to Neda within the four year period prior to the Petition Date.

140.    Debtor received less than reasonably equivalent value in exchange for the Condo Transfer; and

a.      Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to its business or transaction; or

b.      Debtor intended to incur, or believed it would incur, debts that would be beyond Debtor's ability to pay as they became due.

141.    Debtor had at least one actual creditor as of the time of the Condo Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Condo Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a).

142.    The Condo Transfer is avoidable under Bankruptcy Code § 544 and Fla. Stat. § 726.105(1)(b) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.      Declaring the Condo Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.105(1)(b);

B.      Avoiding the Condo Transfer as a fraudulent transfer pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108(1)(a);

C.      Awarding to Trustee, for the benefit of Debtor's bankruptcy estate pre-and post-judgment interest and costs; and

D.      Granting such other and further relief as may be equitable and just.

## COUNT XVI
## AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO
## BANKRUPTCY CODE § 544(b)(1) AND FLA. STAT. §§ 726.106(1) AND 726.108(1)(A)
### *(Condo Transfer against Neda)*

143.    Trustee sues Neda seeking to avoid the Condo Transfer pursuant to section 544(b)(1) of the Bankruptcy Code and sections 726.106(1) and 726.108(1)(A) of the Florida Statutes.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XVI as if fully restated herein.

144.    Debtor made the Condo Transfer to Neda within the four year period prior to the Petition Date.

145.    Debtor made the Condo Transfer without receiving reasonably equivalent value in exchange.

146.    Debtor was insolvent at the time of the Condo Transfer or became insolvent as a result of the Condo Transfer.

147.    Debtor had at least one actual creditor as of the time of the Condo Transfer holding an unsecured claim which is allowable within the meaning of 11 U.S.C. § 544(b)(1), by whom the Condo Transfer was avoidable under applicable law, including Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

148.    The Condo Transfer is avoidable under Bankruptcy Code § 544 and Fla. Stat. §§ 726.106(1) and 726.108(1)(a).

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.    Declaring the Condo Transfer to be a fraudulent transfer pursuant to Fla. Stat. § 726.106(1);

B.     Avoiding the Condo Transfer as a fraudulent transfer pursuant to Bankruptcy Fla. Stat. § 726.106(1) and 726.108(1)(a);

C.     Requiring the payment of the value of the Condo Transfer to Trustee, plus pre-and post judgment interest and costs; and

D.     Granting such other and further relief as may be just and proper.

**COUNT XVII**
**RECOVERY OF THE TRANSFER PURSUANT TO BANKRUPTCY CODE § 550**
*(Condo Transfer against Neda)*

149.    Trustee sues Neda seeking to recover the Condo Transfer pursuant to section 550 of the Bankruptcy Code.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XVII as if fully restated herein.

150.    The Condo Transfer is avoidable pursuant to Bankruptcy Code §§ 544 and 548, and Fla. Stat. §§ 726.105(1)(a), 726.105(1)(b) and/or 726.106(1) and § 726.108(1)(a).

151.    Neda was either the initial transferee or entity for whose benefit the Condo Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, an immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2).

152.    To the extent that Neda was or is found to be an immediate or mediate transferee within the meaning of Bankruptcy Code § 550(a)(2), Neda was not a transferee who took for value, in good faith, without knowledge of the voidability of the transfer, within the meaning of Bankruptcy Code § 550(b)(1); or an immediate or mediate good faith transferee thereof within the meaning of Bankruptcy Code § 550(b)(2).

153.    The Condo Transfer, or the value of the Condo Transfer, is recoverable by Trustee, for the benefit of Debtor's bankruptcy estate, from Neda pursuant to Bankruptcy Code § 550.

**WHEREFORE**, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda as follows:

A.      Declaring Neda to be either an initial transferee or entity for whose benefit the Condo Transfer was made under Bankruptcy Code § 550(a)(1); or, alternatively, an immediate or mediate transferee of the transfer within the meaning of Bankruptcy Code § 550(a)(2);

B.      Directing Neda to turn over to Trustee, for the benefit of Debtor's bankruptcy estate, the Condo Transfer or the value of the Condo Transfer, or awarding Trustee , for the benefit of Debtor's bankruptcy estate, money damages against Neda in the amount of the Condo Transfer, plus pre-and post-judgment interest and costs; and

C.      Granting such other and further relief as may be equitable and just.

## COUNT XVIII
## UNJUST ENRICHMENT
### *(Condo Transfer against Neda)*

154.    Trustee sues Neda seeking to recover the Condo Transfer.  The allegations set forth in paragraphs 1 through 64 are incorporated into Count XVIII as if fully restated herein.

155.    Debtor made the Condo Transfer to Neda.

156.    Neda accepted and retained the Condo Transfer from the Debtor.

157.    The creditors of the Debtor were harmed by the Condo Transfer.

158.    Neda has been unjustly enriched by Condo Transfer because:

a.      Debtor has conferred a benefit on the Neda, who has knowledge thereof;

b.      Neda voluntarily accepted and retained the benefit conferred; and

c.      The circumstances render Neda's retention of the benefit inequitable unless Neda pays to the Trustee the value of the benefit.

WHEREFORE, Trustee respectfully requests the Court to enter a judgment in favor of Trustee and against Neda:

**A.**    Declaring that Neda has been unjustly enriched by the Condo Transfer;

**B.**    Granting money damages in the amount of the Condo Transfer, plus interest at the applicable federal statutory rate, and reasonable attorneys' fees and expenses, to the extent possible by applicable law, to Trustee; and

**C.**    Granting such other and further relief as may be just and proper.

Dated: November 21, 2018.

Respectfully submitted,

*/s/ Eric J. Silver*
Eric J. Silver, Esq.
Florida Bar No. 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER
    WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-2688

*Counsel to Trustee*