

**ORDERED in the Southern District of Florida on April 1, 2019.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

**KEVIN ROHALMIN,**                            **CASE NO. 16-25652-BKC-AJC**

                         Debtor.
_____/

**DREW DILLWORTH,**                            **ADV. NO. 18-1454-BKC-AJC-A**
                     Plaintiff.
**VS.**

**NYA ROHALMIN, et al.**

                     Defendant(s)
_____/

### ORDER GRANTING DEFENDANTS' MOTIONS TO TRANSFER VENUE

THIS CAUSE came before the Court for hearing on February 6, 2019, upon the various

Motions to Dismiss and Motions in the Alternative to Transfer Venue [ECF Nos. 24, 25, 27, 28,

29, 30, 31, and 32] filed by the remaining defendants, Sheehy Richmond, Inc., d/b/a Sheehy Ford

of Richmond, Sheehy Waldorf, Inc., d/b/a Sheehy Nissan of Waldorf, Sheehy Ford, Inc., d/b/a

Sheehy Ford of Marlow Heights, Sheehy Chantilly, Inc., d/b/a Sheehy Infiniti of Chantilly, Sheehy

Ashland, Inc., and RCD Sunset, Inc., Bill Page Imports, Inc. d/b/a Bill Page Honda, Bill Page

Motors, Inc. d/b/a Bill Page Toyota, Page Chevrolet, Inc. d/b/a Bill Page Chevrolet, Mikey LLC

d/b/a Waldorf VW-Subaru-Mazda, Page Associates, Inc., d/b/a West Broad Honda, Ted Britt Ford

Sales, Inc., Fair Oaks Motors, Inc., Farrish of Fairfax, Inc., Auto Giants, Inc., Alexandria Motor

Cars, Inc., Lindsay Ford, LLC, and Lindsay Motors, LLC (collectively, the "Dealership

Defendants"),[1] and upon the Omnibus Memorandum in Opposition to the Dealership Defendants'

Motion to Dismiss (DE 77) filed by Plaintiff, Drew M. Dillworth, as Chapter 7 Trustee for the

bankruptcy estate of Debtor Kevin Rohalmin. JJM3 Holdings, LLC filed a joinder in the

Dealership Defendants' motions after the hearing (DE 87), which the Court takes under

consideration.

Currently, the Plaintiff Trustee has settled with several Dealership Defendants and,

contemporaneously herewith, has obtained default final judgments against Defendants Nya

Rohalmin and Neda Fanaeian, ordering the avoidance and turnover of the Debtor's transferred

businesses.  Thus, the remaining defendants are those non-settling Dealership Defendants.

The Trustee's claims against the Dealership Defendants are twofold: (1) that the Debtor

and the Dealership Defendants conspired to avoid the Dealership Defendants' FLSA and tax

liability in contravention of the law thereby damaging the FLSA Judgment creditors and other of

the Debtor's creditors; and (2) that the Debtor and the Dealership Defendants conspired to avoid

the Debtor's liabilities to the FLSA Judgment holders (and other of the Debtor's creditors) by

transferring the business operations of Oldco to Newco and Newco2. The Dealership Defendants

raise various defenses including lack of personal jurisdiction, prior settlement and release, and

---

[1] Certain of the automobile dealership defendants (including Alexandria Motor Cars, Inc., Lindsay Ford, LLC, and Lindsay Motors, LLC) separately settled with the Plaintiff and are not subject to this Order.

standing.  Several of the Dealership Defendants have also sought to transfer venue of the claims against them in the Complaint. Therefore, prior to reaching the substantive defenses in support of dismissal, the Court believes it is appropriate to first address the Dealership Defendants' requests to transfer venue and decide where, in the interest of justice and for the convenience of the parties, venue of the remaining claims against the remaining Dealership Defendants should be.

Having reviewed the record and the parties' post-hearing submissions and having heard argument of counsel, the Court transfers venue of this case to Virginia for the reasons set forth in detail herein.

## I.    PROCEDURAL BACKGROUND AND RELEVANT HISTORY

On November 22, 2016 (the "Petition Date"), the Debtor commenced a Chapter 13 case in this Court.  Compl. ¶ 29.  On February 28, 2017, the case was converted to a case under Chapter 7 and, thereafter, the Plaintiff was appointed as Chapter 7 Trustee.  Compl. ¶¶ 30-31.  According to the Complaint, the Plaintiff is pursuing claims against the Dealership Defendants for "their role in the Debtor's scheme to hinder, delay and defraud [] creditors through divestment of [the Debtor's] business and unencumbered assets to his family members."  Compl. ¶ 1.  According to the Complaint, prior to the Petition Date, the Debtor owned and operated Oldco, which provided auto-detailing services to various automobile dealers in Maryland and Virginia.  Compl. ¶ 32.

Although the following facts are not pled in the Complaint, it is undisputed that, in 2015, various Oldco employees filed a civil action in the United States District Court for the Eastern District of Virginia (Alexandria Division), seeking statutory damages against Oldco, the Debtor, and New Look Auto Appearance, LLC under the Fair Labor Standards Action ("FLSA"), Case

No. 1:15-CV-1337-AJT/IDD (the "Virginia Federal Action").[2]  The Complaint filed in the

Virginia Federal Action alleged that Oldco is a Virginia limited liability company, *see* Complaint,

Docket No. 1, ¶ 10, Case No. 1:15-CV-1337-AJT/IDD; and, the Debtor and other defendants in

the Virginia Federal Action filed an Answer admitting that Oldco is a Virginia limited liability

company, *see* Answer, Docket No. 10, ¶ 10, Case No. 1:15-CV-1337-AJT/IDD. All the Oldco

employees named in the Virginia Federal Action reside in either Virginia or Maryland.

In December of 2015, the former Oldco employees amended their FLSA Complaint to

include various automobile dealers as additional defendants.  *See* Docket No. 17, Case No. 1:15-

CV-1337-AJT/IDD. However, by January 2016, the plaintiffs had voluntarily dismissed the

dealership defendants from the Virginia Federal Action.  *See* Docket No. 20, Case No. 1:15-CV-

1337-AJT/IDD.  Ultimately, Oldco, the Debtor, and New Look Auto Appearance, LLC agreed to

entry of a judgment against them in the Virginia Federal Action in the amount of $187,419.84.

Compl. ¶ 34.

On February 9, 2016, Oldco filed a Chapter 11 petition in the United States Bankruptcy

Court for the Eastern District of Virginia (Alexandria Division) (the "Virginia Bankruptcy Case"),

Case No. 16-10447-BFK.[3]  On April 25, 2016, the Virginia Bankruptcy Case was converted from

a Chapter 11 case to a Chapter 7 case (the "Conversion Date"), and Kevin R. McCarthy was

appointed as the Chapter 7 Trustee (the "Oldco Trustee").  *See* Docket No. 78, Case No. 16-10447-

BFK.  On August 24, 2016, the Oldco Trustee filed his report of no distribution and on August 25,

---

[2] This Court takes judicial notice of the pleadings filed in the Virginia Federal Action for the
purposes of determining this Motion. *Universal Express, Inv. v. SEC*, 177 Fed. Appx. 52, 53 (11th
Cir. 2006).

[3] This Court takes judicial notice of the pleadings filed in the Virginia Bankruptcy Case.

2016 the Virginia Bankruptcy Case was closed without any distribution to creditors. *See* Docket Nos. 103 and 104, Case No. 16-10447-BFK, *see also* Compl. ¶ 37.

According to the Complaint *sub judice*, post-petition and prior to the Conversion Date, the Debtor transferred all of the assets and equity from Oldco to a new entity, Perfect Auto Detail, Inc. ("Newco"), a Virginia corporation with its principal place of business in Falls Church, Virginia (the "Oldco Transfer"). Compl. ¶ 39. The Oldco Transfer allegedly included all contracts and relationships with various dealerships as well as the employees of Oldco. Compl. ¶ 40. Throughout Newco's operation, the Debtor was the sole owner and operator of Newco. Compl. ¶ 41. According to the Complaint, the Debtor "formed Newco to conduct the same business as Oldco, but without the obligations of Oldco, such as the Judgment, and keep the value of the business from the Oldco Trustee." Compl. ¶ 43.

After the Conversion Date, but before the Petition Date in this case, the Debtor then transferred the assets and equity of Newco to another new entity, N2 Auto Detailing, LLC ("Newco2"), also presumably a Virginia limited liability company with its principal place of business in Locust Grove, Virginia. Compl. ¶ 45. Newco2 is owned by the Debtor's sister and brother—not by the Debtor. Compl. ¶¶ 47-48. The Debtor allegedly continued to operate Newco2, calling himself a "consultant" rather than the owner. Compl. ¶ 49. According to the Complaint, the Debtor formed Newco2 to avoid the claims of creditors in his individual case. Compl. ¶ 51.

The Complaint alleges that the Dealerships Defendants provided assistance to the Debtor in the "unlawful scheme to keep the assets and value of the business out of reach of the Debtor's creditors and the Trustee." Compl. ¶ 55. The Debtor and Oldco had "formal and informal agreements with the Defendant Dealerships." Compl. ¶ 56. The Complaint further alleges that the Defendant Dealerships knew of the change in ownership from Oldco to Newco to Newco2 and

"provided Debtor with substantial assistance in concealing assets and avoiding his creditors by allowing him to continue to service the Defendant Dealerships under the new corporate names." Compl. ¶ 57.  This allowed "Debtor to continue to service the Defendant Dealerships under the new corporate names so he could continue to receive the income stream from the business under the new corporate names."  Compl. ¶ 58.  Importantly, according to the Complaint, the "exclusive purpose of the auto detailing business [was] to circumvent employment and tax liability for the [Defendant Dealerships]" when, <u>"in economic reality," the Defendant Dealerships had "full operational and financial control over the auto detailing workplace" and were, in fact, "joint employers under the FLSA.</u>"  Compl. ¶¶ 59-62.

## II.  <u>DISCUSSION</u>

The remaining Dealership Defendants advise that the Virginia Federal Action involving the FLSA claims is still pending and is currently stayed.  They argue that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  *See First Equitable Realty, III, Ltd. v. Dickson*, 2013 U.S. Dist. LEXIS 145429, **6-7; 2013 WL 5539076 (S.D. Fla. October 7, 2013).  "The first-filed rule holds that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case."  *Id.* at *7.  The Court agrees these cases significantly overlap and the forum of the first-filed suit is the proper forum to hear these claims.

"Moreover, the Eleventh Circuit requires that the party objecting to jurisdiction in the first-filed forum carry the burden of establishing "compelling circumstances" to warrant an exception to the first-filed rule. *Id.* citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11ᵗʰ Cir. 2005).  "The primary purpose of the [first-filed] rule is to conserve judicial resources and avoid conflicting

rulings. *Id.* at \*7.  The Court believes the Trustee has failed to carry the burden of proving this forum should decide Counts III and IV of the Complaint involving FLSA claims against the automobile dealerships located in Virginia and Maryland.  The joint employer type claims raised in the Complaint can be, or may already have been, raised in the Virginia Federal Action. Additionally, *all parties and witnesses except the Trustee*, are located in either Virginia or Maryland, including but not limited to all thirteen Employees, all nineteen dealers, and all the other witnesses to the activities in all nineteen of the dealerships.  Similarly, all the assets that the Trustee alleges were transferred from Oldco to Newco and then subsequently transferred from Newco to Newco2 are located in Virginia or Maryland. Litigating this case in Miami, Florida will require numerous trips to Virginia and Maryland to secure the testimony from all the witnesses to the events alleged.  Such an unnecessary exercise would be avoided if this case was dismissed or transferred in favor of the Virginia Federal Action.  Furthermore, no prejudice will result to the Trustee as he can retain counsel in Virginia just as he would in Florida.

The Court concludes that, even if venue for this action may be technically proper in this district, this case should be transferred to Virginia "in the interest of justice *or* for the convenience of the parties." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 973 (11th Cir. 2012) (citing 28 U.S.C. § 1412).  Section 1412, title 28, United States Code, provides the Court the discretion to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  Section 1412 is applicable in this case by virtue of Bankruptcy Rule 7087, which provides that "[o]n motion and after a hearing, the court may transfer an adversary proceeding *or any part thereof* to another district pursuant to 28 U.S.C. 1412[.]" (Emphasis added.)  In light of the absence of connections Counts III and IV have to this district, including the fact that all the witnesses and documents relating to the claims alleged in the

Case No. 16-25652-AJC
Adv. No. 18-01454-AJC

Complaint are located in Virginia and Maryland, this Court, in the interest of justice, will transfer all remaining claims against the remaining Dealership Defendants to the court where the Virginia Federal Action is pending.

In deciding to transfer the claims, the Court has considered the following factors pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a)(1):

> (1) Relative ease of access to sources of proof, including ease of travel for witnesses in terms of time and distance.

> (2) Availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining those witnesses' attendance.

> (3) Enforceability of a judgment if one is obtained.

> (4) Relative advantages and obstacles to fair trial, including the familiarity of transferee court with the facts of the case.

> (5) Local interest in having local controversies decided at home, taking into account where the acts giving rise to the causes of action at issue occurred.

> (6) Conducting the trial in the state the law of which will govern the action.

*In re Pan Am Corp.*, 177 B.R. 1014, 1018-20 (Bankr. S.D. Fla. 1995). The Court has also considered all "additional factors that may be relevant to the convenience of the parties and the interest of justice." *Id.* at 1019.  In applying these factors, the burden is on the moving party to show by a preponderance of the evidence that transfer is in the interest of justice and the convenience of the parties. *Id.* at 1019. However, "there is a presumption that venue is most proper in the court in which debtor's bankruptcy case is pending[.]" *Unico Holdings, Inc. v. Nutramax Prods., Inc.*, 264 B.R. 779, 783 (Bankr. S.D. Fla. 2001).

Here, the applicable factors weigh heavily in support of transferring the remaining Counts of the Complaint against the remaining Dealership Defendants, Counts III and IV, to the Virginia District Court where the Virginia Federal Action is pending because:

Case No. 16-25652-AJC
Adv. No. 18-01454-AJC

(1) Numerous potential witnesses are located in Virginia and Maryland, and travel to the Virginia District Court will be significantly easier for such witnesses in terms of time, distance, and cost. Additionally, the corporate entities alleged to be transferred, as well as all the Dealership Defendants are Virginia or Maryland corporations.  None of the corporate entities are incorporated in Florida.

(2) To the extent compulsory process is necessary, the Virginia District Court can provide such process.

(3) Enforceability of a judgment does not appear to be a factor relevant for or against transfer in this case.

(4) The Virginia District Court has substantial experience and expertise with the complexities of the Trustee's claims. In addition, the Virginia District Court is already presiding over the underlying FLSA claims in the Virginia Federal Action.  As such, the Virginia District Court can provide the Trustee and the Dealership Defendants with an expeditious trial due to its familiarity with the circumstances surrounding the Debtor and his business activities. It would serve judicial economy to allow one court to preside over all the claims relating to a common nucleus of operative facts and circumstances, involving all the same witnesses in the Virginia Federal Action regarding the FLSA claims.

(5) Virginia has an interest in this controversy because Debtor's business was incorporated in Virginia and the alleged claims arose from business activity in Virginia and Maryland. By contrast, none of the underlying acts giving rise to this adversary proceeding have anything to do with South Florida.

(6) To the extent there is a need to apply state law to the claims of the case, the Virginia District Court is well equipped to do so as it sits in Virginia where the alleged claims arose.  The Virginia District Court is also where the FLSA claims have been litigated, therefore transferring the remaining claims of the Complaint, Counts III and IV, to the Virginia District Court would avoid the risk of inconsistent results.

The Dealership Defendants have overcome the presumption and persuaded this Court that transfer of this case to the Virginia District Court is in the interest of justice and the convenience of the parties.  Having reviewed the facts set forth in the Complaint and having considered the Dealership Defendants' arguments in opposition, including the location of the disinterested and interested witnesses involved in the claims raised by the Trustee, the facts set forth in the affidavits, and the fact that another case involving these claims already exists in Virginia, weigh heavily in

Case No. 16-25652-AJC
Adv. No. 18-01454-AJC

favor of transferring this case to the court where the Virginia Federal Action is pending.

Accordingly, it is

ORDERED AND ADJUDGED that the Motions to Dismiss and Motions in the Alternative

to Transfer Venue [ECF Nos. 24, 25, 27, 28, 29, 30, 31, and 32] are GRANTED IN PART, and

this case, Counts III and IV of the Complaint remaining against the Dealership Defendants, is

TRANSFERRED to the United States District Court for the Eastern District of Virginia, as a case

related to Case No. 1:15-CV-1337-AJT/IDD pending in the Eastern District of Virginia.  The Court

defers to the Virginia District Court the consideration of and ruling on the motions to dismiss.

### ###

Copy furnished to:

Eric N. Assouline, Esq.
Eric Silver, Esq.
Drew Dillworth, Chapter 7 Trustee

Attorney Assouline is directed to immediately serve a copy of this Order upon all parties to this proceeding and file a certificate of service.